IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HINDS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. P. KANE, Warden,<br><br>　　　　Respondent. | No. C 06-5283 WHA (PR)<br><br>**ORDER DENYING MOTION TO RECONSIDER AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The Court granted respondent's motion to dismiss on statute of limitations grounds. Petitioner has filed a motion to reconsider and a notice of appeal.

　　　　Whether the petition in this case was timely turned on whether petitioner was entitled to tolling for the 194 days between dismissal of a state habeas petition he had filed in the wrong court and his refiling it in the right one. This turned on whether the California courts would have considered that a "reasonable time" for filing in the next court. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006). The time at issue in *Evans* was 180 days. There the Court held that not to have been a reasonable time, which suggests that the longer time here also was not reasonable, and petitioner's contentions as to the reasons for his delay – principally that he wanted to improve his petition – are not sufficient to distinguish *Evans*. The conclusion here that the delay was not reasonable was correct. *See id.* And contrary to petitioner's contention, the limitation period was not tolled for ninety days to allow a petition to the United States

1  Supreme Court for certiorari after rejection of his last habeas petition by the California Supreme
2  Court. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1086 (2007); *White v. Klitzkie*, 281 F.3d 920,
3  924 (9th Cir. 2002) (citing decisions from other circuits). The motion to reconsider will be
4  denied.

Petitioner also has filed a notice of appeal. Although he has not moved for a certificate of appealability, the notice of appeal will be treated as such a motion. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

As discussed above, the petition was dismissed because without the tolling for the unreasonable 194 days between state court filings the petition here was untimely. Because jurists of reason would not find debatable the conclusion that the delay was unreasonable, the motion for a certificate of appealability will be denied.

**CONCLUSION**

The motion to reconsider (document number 14 on the docket) and the motion for a certificate of appealability inferred from the notice of appeal are **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: April  8 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\hinds5283.REC-COA.wpd